PILON et al., Respondents, v. WARREN et al., Appellants.

No. 8712

Submitted December 17, 1947. Decided January 14, 1948.

189 Pac. (2d) 447

Mr. R. V. Bottomly, Atty. Gen., Mr. Clarence Hanley, Asst. Atty. Gen., and Mr. Forrest H. Anderson, as Co. Atty., Mr. Robert C. Brooke, as Asst. Co. Atty., Mr. Melvin E. Magnuson, Co. Atty., Mr. Edwin E. Multz, Asst. Co. Atty., and Mr. H. O. Vralsted, Atty., State Bd. of Equalization, all of Helena, for appellants.

Messrs. Toomey, McFarland & Wagner, of Helena, for respondents.

MR. JUSTICE GIBSON delivered the opinion of the Court.

The respondents are dealers in automobiles and automobile accessories. They brought this action to recover taxes paid by them under protest upon two automobiles.

Respondents' complaint states that on the first day of January, 1946, they had in stock at their place of business in Helena two new automobiles and one used automobile, all of which were assessed to them, and the taxes thereon paid on or about

January 31, 1946; that they sold the three cars and on or about March 19, 1946, "partially replenished their stock of automobiles in trade by purchasing for stock two new cars * * * and placed the same in stock in their sales and show rooms in their place of business." These two new cars were not in the state of Montana at any time prior to March 19, 1946.

The complaint also states that the county assessor of Lewis and Clark county assessed the two new cars so placed in stock, and the county treasurer levied taxes against respondents on the cars, and that upon demand for payment of the taxes, they paid the same on or about March 20, 1946, under protest, and within 60 days thereafter brought this action to recover the taxes so paid. The two new cars remained in respondents' possession in stock not more than five days.

The complaint also sets forth that the taxing authorities, assessor and treasurer, misconstrued the statute, Chapter 157, Laws of 1945, in several particulars detailed, and in such manner as to permit the assessment and levy of which respondents complain. They assert that a proper construction of the statute does not permit such assessment and levy as to the two cars not in the state prior to March 19, 1946, and placed in stock by them on or about that date to partially replenish the stock of cars on hand on January 1, 1946, depleted by the sale thereof. They also contend that if the construction of the statute that permits such taxation is correct, it is unconstitutional as violative of the due process clause of the state Constitution.

A general demurrer to the respondents' amended complaint was overruled by the court and the defendants were granted time within which to further plead but they elected to stand upon their demurrer and judgment was accordingly entered against the appellants, that the respondents recover from the county treasurer the taxes so paid under protest, $42.08, and that the appellants be barred and enjoined from enforcing or attempting to enforce the provisions of Chapter 157, Laws of 1945, against the respondents as owners of personal property of the kind described in their complaint or of any personal

property except migratory livestock as defined in the Act, and declaring that if the Act embraces and operates on any personal property other than migratory livestock, it is unconstitutional and void in violation of section 27 of Article III of the Constitution of Montana. It is from this judgment that the appeal is taken.

Chapter 157 was expressly repealed on February 13, 1947, by █ Chapter 45 of the Laws of 1947. It is not required that the constitutionality of the Act be determined. As to all cases except where rights have vested under the statute the question is now moot. Even though the statute were still in force it would not be necessary to a decision in the case, and would therefore not be determined, as the case is clearly determinable upon the construction of the statute under which the assessment was made and tax levied.

The law involved is section 1 of Chapter 157, Laws of 1945, which reads: "Any personal property, including livestock, brought, driven or coming into this state at any time during the year and which shall remain in the state for a period not less than thirty (30) days, shall be subject to taxation and shall be assessed for all taxes, levied or leviable for that year in the county in which the same shall thus be and remain, in the same manner and to the same extent, except as hereinafter otherwise provided, as though such property had been in the county on the regular assessment date; provided that such property has not been regularly assessed for the year in some other county of the state, and provided further that nothing herein contained shall be construed into authority to assess or levy an additional tax against any merchant or dealer within this state on goods, wares or merchandise brought into the county to replenish the stock of such merchant or dealer, so long as such addition does not materially increase the inventory or stock which has been duly assessed to such merchant or dealer as of the regular assessment date."

The allegations of the complaint must be taken as true upon █ █ the state of the record herein. From this it appears

that the respondents were "dealers" within this state within the meaning of the quoted section, and that the two automobiles upon which they paid the taxes under protest were "brought into the county to replenish the stock of such * * * dealer." And it further discloses that this addition to the stock did not "materialy increase the * * * stock" which had been duly assessed to the respondent dealers and upon which the tax had been paid. This being so, it is clear that the respondents were within the exception provided by the statute that denied authority to assess or levy an additional tax against them upon the merchandise brought into the county to replenish their stock after the regular assessment date for assessing automobiles, January 1, 1946, and after the first Monday in March, 1946, the regular assessment date for assessing other property. Therefore they were not assessable or taxable against respondents for that year.

Appellants state in their brief, however, that the allegation ▮▮ in the complaint that the automobiles were purchased and placed in stock in replenishment thereof is a conclusion of law and that "as to whether they are replenishments is a question of fact to be determined by the assessor at the time of the assessment." If a question of fact for the assessor, the question was one of fact for the taxpayer, for the trial court, and here. The allegations of the complaint that the cars were to replenish the stock, are allegations of fact and stand admitted. The facts are undisputed. The law is plain. No citation is required.

The judgment of the district court was correct and it is affirmed.

Mr. Chief Justice Adair, and Associate Justices Choate, Angstman and Metcalf concur.